[No. 27499.  Department Two.  July 20, 1939.]

PAUL HINZ, *Appellant,* v. F. E. STOLLER *et al.,*
*Respondents.*[1]

[1]Reported in 92 P. (2d) 713.

*R. H. Back* and *Jas. O. Blair,* for appellant.

*Schaefer & Hall,* for respondents.

BEALS, J.—Plaintiff, Paul Hinz, as lessor, by a written lease, dated March 20, 1928, leased to defendant Fred E. Stoller a storeroom in a building in the city of Camas. By the terms of the lease, possession was to be taken thereunder upon the completion of a building to be erected, and it is not disputed that possession was taken July 10, 1928. The term of the lease was to continue for ten years from possession taken, or until July 10, 1938, at the rental of ninety dollars per month for the first three years, and one hundred dollars per month for the balance of the term. The lease provided that the lessee, "to secure the lease," at the time of the execution of the lease, deliver to lessor the sum of nine hundred dollars, to be applied as rental for the last nine months of the term. The lease, however, contained the following provision: "Lessor is to have the option of returning said rent money so advanced at intervals suiting his convenience."

When defendant lessee took possession of the premises covered by the lease, he rented from lessor, under an oral lease, additional space in the building which included the property covered by the written instrument, agreeing to pay for the additional space the sum of thirty-five dollars per month.

July 10, 1928, lessee took possession of the storeroom covered by the written lease and the additional space

which he had rented pursuant to the oral agreement, and paid lessor the sum of nine hundred dollars, as he had agreed to do, and the further sum of one hundred twenty-five dollars—ninety dollars under the written lease and thirty-five dollars under the oral lease. Lessee continued to pay lessor one hundred twenty-five dollars a month for the period of one year.

At the time the oral lease was agreed to between the parties, it was also agreed that, at the expiration of the first three years under the lease, the lessor would reduce the rental for the portion of the building covered by the oral agreement to twenty-five dollars per month, so that the total rental paid monthly by the lessee would remain one hundred twenty-five dollars. At the expiration of the first year of the term, the lessee requested the lessor to reduce the rental on the space covered by the oral agreement to twenty-five dollars per month, to which lessor consented, and thereafter and up to the end of the first three years of the term, lessee paid to lessor one hundred fifteen dollars per month, in full for the rental of all the space occupied by lessee. By the terms of the lease, lessor was to pay lessee interest on the nine hundred dollars which lessee had deposited as security for the lease, at the rate of seven per cent per annum, and during the month of April, 1930, a credit on the rental payable by lessee was allowed to take care of this interest.

By the terms of the written lease, the rental increased, July 10, 1931, to one hundred dollars a month, but notwithstanding the terms of the written lease and of the oral lease, lessee continued to pay lessor one hundred fifteen dollars per month, until July, 1932.

There is some dispute as to whether lessee paid lessor seventy-five dollars a month as rental for the month of August, 1932, or eighty-five dollars a month,

but beginning with the month of September following, lessee paid eighty-five dollars per month rental.

Lessee surrendered the premises covered by the oral lease at the end of the month of March, 1934, continuing in possession under the written lease. From June, 1936, to September, 1937, lessee paid rental under the written lease in the sum of one hundred dollars per month.

Apparently, there is no dispute between the parties to this action as to rentals due and paid to plaintiff during the first three years of the lease, nor from June 15, 1936, to and including the month of September, 1937. After September, 1937, the lessee contended that he owed plaintiff no further rent, as he had paid the rent for the last nine months of the lease in advance. Plaintiff contended that the lessee owed him certain sums on account of rent due between July 10, 1931, and May, 1936, plaintiff also contending that the lessee owed him rental at the rate of one hundred dollars per month from March 10, 1938, to the end of the lease.

Plaintiff sued lessee F. E. Stoller and Eula Stoller, his wife, demanding judgment for the sum of $754.82, with interest, and in addition for rental for the months of March to July, 1938, both inclusive, at the rate of one hundred dollars per month. Defendants answered, pleading payment, and counterclaiming for nine hundred dollars for alleged damages, and for the further sum of three hundred seventy-five dollars, interest on the nine hundred dollars deposit.

The issues having been regularly completed by the filing of plaintiff's reply, the action was tried to the court, sitting without a jury, and resulted in the entry of findings of fact and conclusions of law in defendants' favor, followed by the entry of judgment dismissing plaintiff's action and awarding defendants judgment against plaintiff for the sum of $371, by way of interest

on the nine hundred dollars deposit. From this judgment, plaintiff has appealed.

Error is assigned upon certain findings made by the trial court; upon the refusal to make certain other findings in appellant's favor; upon the making of the conclusions of law in respondents' favor; and upon the entry of judgment dismissing appellant's action and awarding respondents judgment against appellant for the sum allowed, or any other sum. Appellant also complains of the admission, over his objection, of certain evidence offered by respondents.

In this opinion, respondent F. E. Stoller will be referred to as though he were the sole party defendant to the action.

The dispute between the parties to this action may be briefly stated as follows: Appellant lessor relies upon the terms of the written lease. Respondent lessee pleaded that the written lease had been modified by agreement of the parties, in so far as the rental to be paid thereunder was concerned. The trial court found that the parties had, by oral agreement, modified the terms of the original lease providing for the payment of rent; that respondent had paid to appellant all sums due under the lease as modified; and that appellant was indebted to respondent in the sum of $371, on account of interest on the nine hundred dollars deposit.

The trial court found the making of the lease, as hereinabove set forth, payment of the nine hundred dollars to appellant, and that, on or about August, 1932, respondent became insolvent and was unable to pay his bills in the regular course of business; that respondent informed appellant of his insolvent condition, and that the parties orally agreed that, until further notice by appellant, the rental for all the premises occupied by respondent, including those held under the written lease, would be eighty-five dollars per

month; that respondent paid this amount of rental until June, 1936, and from and after that date he paid rental at the rate of one hundred dollars per month, appellant having notified respondent in May of that year that, in the future, appellant would have to pay the amount stated.

Appellant testified that, when, July 15, 1931, respondent tendered him a check in the sum of one hundred fifteen dollars, he advised respondent that the rent, pursuant to the written lease and the oral lease, then amounted to one hundred twenty-five dollars per month, and that the difference between the two sums would be charged each month against the nine hundred dollars which respondent had deposited to secure the lease. Appellant further testified that, when respondent paid only eighty-five dollars a month as rental, appellant again informed respondent that the difference in the rental would be charged against the deposit. Appellant strenuously contends that the terms of the written lease as to payment of rental were never modified, while respondent contends that, on more than one occasion, the rental was reduced by agreement of the parties.

The burden rested upon respondent to prove the allegations of the amended answer to the effect that the lease had been modified by agreement of the parties. This burden the trial court held that respondent met.

Appellant argues that, from the testimony of the two principals, it appears that their minds did not meet as to any modifications in the terms of the lease. True, their testimony was in sharp disagreement, but the trial court resolved this issue of fact in favor of respondent and made a finding to the effect that the parties agreed upon a reduction in the rental. This

finding is amply supported by the evidence, and we are of the opinion that the finding is correct.

The trial court found that, during the summer of 1932, respondent became insolvent and was unable to pay his bills in the regular course of business, of which fact appellant was informed. Appellant strenuously contends that the record does not support this finding, but it is beyond question that respondent, at the time mentioned, was in serious financial difficulties and unable to pay his bills. Appellant's property upon which the building in question was situated was mortgaged, the mortgage being payable in monthly installments, and it clearly appears that respondent's financial condition was such that it was, at least, a very serious question whether or not he could continue in business. The loss of a paying tenant was certainly a matter of some concern to appellant. The evidence does not preponderate against the trial court's finding that respondent was insolvent.

May 12, 1936, appellant served upon respondent a written notice containing the following:

"You are hereby notified that the rent on the premises now occupied by you on Lot 2, Block 27, Camas, beginning on the 15th day of June, will be $100.00 per month, due and payable in advance on the 15th day of each month thereafter."

This notice was prepared by another, at appellant's request, and it should be assumed that it expressed appellant's ideas and wishes. The notice does not require respondent to pay the rental called for by the lease, or words of similar import, but informs him that, beginning on a certain day, the rent "will be $100.00 per month." The trial court called attention to this language, being of the opinion that the notice, to some extent at least, implies that, prior to this date, the rent had been fixed at some lesser sum.

■ Appellant introduced in evidence a copy of a letter, bearing date July 28, 1936, written to respondent by the loan company which owned the mortgage on appellant's property, demanding, as appellant's assignee, payment of rent stated to be in arrears. It does not appear that, prior to the time the case was called for trial, appellant served any demand upon respondent, requiring that he produce at the trial the original of this letter, but while respondent was on the stand, he admitted that he had received the letter, stating that he could not find it among his files. Respondent then, in turn, offered in evidence a paper which he stated was a copy of a letter which he wrote to the loan company in answer to its letter. Over appellant's objection, this paper was received in evidence. Appellant assigns error upon this ruling of the trial court.

The record does not disclose that any effort was made to find the original letter which respondent testified was sent to the loan company, nor does it appear that appellant requested any delay to enable a search for this letter to be made. Under these circumstances, the trial court did not err in admitting what respondent testified was a copy of a letter which was sent to the loan company in answer to the letter which he admitted he received from that company.

■ The trial court, in its memorandum opinion, refers to the correspondence and indicates that the loan company had not received from respondent any answer to its letter. The trial judge certified that the statement of facts contains all of the evidence, testimony, etc., and all of the exhibits, and signed the usual certificate which accompanies a complete record. In his brief, appellant frankly admits that the record contains no other information in regard to this matter. It does not appear that any attempt was ever made to amend or amplify the record, and we must consider

as correct and complete the record as certified by the trial court. Under the circumstances, the trial court properly admitted in evidence the paper offered by respondent and properly considered it in deciding the issue between the parties.

It appears from this exhibit offered by respondent that he, during the month of August, 1936, contended that he was not indebted to appellant for back rent, and that he claimed interest on the nine hundred dollars deposit which was in appellant's possession.

The issue of fact between appellant and respondent was clearly drawn. The trial court heard each party testify and was in a far better position than are we to determine the issue of fact. Respondent bore the burden of affirmatively proving his contentions, but this burden he fully met.

Appellant makes many assignments of error, but most of them are covered by the foregoing discussion.

By the terms of the written lease between the parties, appellant was to pay interest upon the nine hundred dollars deposit. This, for a while, he did, but later, when respondent paid less than the rental called for by the lease, nothing, apparently, was said about interest upon the deposit money. In this action, respondent demanded judgment for the interest due him, and the trial court entered judgment in respondent's favor for this amount. Appellant strenuously attacks this portion of the judgment. The lease, of course, called for the payment of interest upon the nine hundred dollars as long as appellant held that sum in his possession.

The trial court, having found in favor of respondent upon the disputed question of whether or not the lease was modified in respondent's favor by a reduction of the rent, properly awarded judgment to respondent for the interest due upon the nine hundred dollars

deposit. While the fact that respondent, after for some time claiming this interest, for several years neglected to make any such claim, might be considered as militating against respondent's contention that the lease was formally modified, the argument cuts both ways, as, under appellant's theory, respondent would have been entitled to interest on unappropriated balances of the deposit, the record suggesting the thought that neither party was anxious to stir up more controversy than necessary. We cannot hold that the trial court committed reversible error in awarding respondent judgment for interest on the nine hundred dollars.

■ The judgment entered by the trial court provided for the payment of interest upon the award in respondent's favor at the rate of seven per cent per annum. Appellant contends that, the award being for interest only, the judgment should bear interest at no rate higher than six per cent per annum. While the original lease provided for the payment of interest on the nine hundred dollars deposit at seven per cent per annum, it contained no provision for the payment of interest upon interest not paid when due. The judgment, then, should provide that the award in respondent's favor should bear interest at the rate of six per cent per annum, instead of at the rate of seven per cent.

No costs will be taxed in this court in favor of either party.

Save as to the modification above directed, the judgment appealed from is affirmed.

BLAKE, C. J., GERAGHTY, MAIN, and SIMPSON, JJ., concur.